**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                          CASE NO: 3:20-cr-103-MMH-JBT

WENDELL MARIO ROY                      ORDER ON MOTION FOR
                                                                SENTENCE REDUCTION UNDER
                                                                18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

  ☒ FACTORS CONSIDERED

Defendant Wendell Mario Roy is a 40-year-old inmate incarcerated at Milan FCI, serving concurrent 120-month terms of imprisonment for one count of conspiracy to distribute 400 grams or more of a mixture and substance containing fentanyl and one count of conspiracy to commit money laundering. (Doc. 28, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on March 11, 2029. Roy seeks compassionate release

because the mother and caregiver of two of his minor children passed away. (Doc. 37, Renewed Emergency Motion for Compassionate Release ("Renewed Motion")).[1] The United States has responded in opposition. (Doc. 39, Response; see also Doc. 35, Response to First Motion for Compassionate Release).[2]

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). As amended by the First Step Act, § 3582(c)(1)(A) provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] The Court also received a letter from Roy addressed to the undersigned, which the Court docketed as a supplement. (Doc. 40, Letter). Roy is cautioned that "[a] party must not use a letter, email, or the like to request relief or to respond to a request for relief." Rule 3.01(j), Local Rules, United States District Court for the Middle District of Florida.

[2] Roy filed his first motion for compassionate release on January 16, 2022. (Doc. 32, First Motion for Compassionate Release). The Court denied that Motion without prejudice for lack of exhaustion of administrative remedies. (Doc. 36, Order). Because more than 30 days have now lapsed since Roy submitted his request for a sentence reduction to the warden of his facility, Roy has satisfied § 3582(c)(1)(A)'s exhaustion requirement. See United States v. Smith, 482 F. Supp. 3d 1218, 1222–24 (M.D. Fla. 2020).

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1247, 1249 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021); see also U.S.S.G. § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons"). A movant for compassionate release must prove that a reduction in sentence is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). However, "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order."

3

Id. "Because all three conditions – i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement – are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1238.

Roy states that two of his children, J.R. (age 13) and M.R. (age 7), are without a caregiver because their mother, Erica Wilson, passed away on January 14, 2022, due to complications associated with COVID-19. Renewed Motion at 2. Roy states that J.R. and M.R. would have lived with their grandmother, Francetta Auld, except that she passed away in September 2021. Id. at 2, 4. Roy asserts that neither of his siblings can look after the children because of "their lack of suitability." Id. at 2. Thus, Roy "seeks his immediate release to resume his duty as caretaker of his young children." Id. Roy states that upon his release, he would reside in Taylor, Michigan, where he "anticipates obtaining and maintaining gainful employment with 1191 Labor Union, and also has a[n] employment opportunity with Fairlane Furniture Restores, Le Culture Restaurant, and Suburban Truck Driving." Id. at 5.

As relevant here, "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" qualifies as an "extraordinary and compelling reason." U.S.S.G. § 1B1.13, cmt. 1(C)(i). The United States does not dispute that J.R. and M.R. are Roy's minor children, that Ms. Wilson was their caregiver, and that she has passed away. These circumstances are sufficient to

4

satisfy the definition of "extraordinary and compelling reasons" under Application Note 1(C)(i), despite the United States' argument to the contrary. See Response (Doc. 39) at 5–7; Response to First Motion for Compassionate Release (Doc. 35) at 7–10.

Nevertheless, a sentence reduction is unwarranted because the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Roy was convicted of conspiracy to distribute 400 grams or more of a mixture and substance containing fentanyl – a lethal and addictive substance – in addition to conspiracy to commit money laundering. As set forth in greater detail in the Presentence Investigation Report (PSR), from 2017 to 2019, Roy distributed fentanyl and heroin from several "trap houses" in Jacksonville, Florida, and he used seemingly legitimate business bank accounts to launder the proceeds. (Doc. 22, PSR ¶¶ 1–28). He received a guidelines enhancement because he was the organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. Id. ¶ 39. Before the instant offenses, Roy accumulated numerous prior convictions, including two convictions for attempted carrying of a concealed weapon, id. ¶¶ 47, 51, a conviction for assault and battery on a woman, id. ¶ 52, and three convictions for the delivery or manufacture or attempted delivery or manufacture of less than 50 grams of cocaine or heroin, id. ¶¶ 56–58. Although Roy provided substantial assistance

5

in this case, he was duly rewarded for his cooperation. His advisory sentencing guidelines range called for a term of 262 to 327 months in prison, id. ¶ 117, but the Court imposed a term of 120 months in prison, partly to reflect Roy's cooperation efforts, see Judgment; (Doc. 29, Statement of Reasons). To date, Roy has served approximately 19 months in custody – a small fraction of his 120-month term of imprisonment and an even smaller fraction compared to his advisory guidelines range. Because Roy's numerous prior convictions failed to deter him from committing new crimes, the Court does not believe that reducing Roy's term of imprisonment to 19 months would promote respect for the law or afford adequate deterrence.

Moreover, it is unclear that Roy's release from prison is necessary for the welfare of J.R. and M.R. Roy asserts that neither of his siblings are suitable caregivers, but Roy offers no evidence that his siblings – or any other relative – is unavailable or unsuitable to care for the children.[3] Indeed, in his supplemental letter, Roy states that J.R. and M.R. are now living with his sister, Andrementa Auld. Letter (Doc. 40) at 2. Although Roy asserts that his sister has four children of her own, has unspecified health issues, and is grieving the loss of their mother, it does not appear that Roy is in a better

---

[3] Unlike U.S.S.G. § 1B1.13, cmt. 1(C)(ii) (which concerns the incapacitation of a spouse or partner), the lack of another available caregiver is not a requirement for "extraordinary and compelling reasons" under Application Note 1(C)(i). Nevertheless, the availability of another caregiver is relevant to the Court's exercise of its discretion.

6

position to care for the children. Roy contends that he has several job opportunities awaiting him, Renewed Motion at 5, but these are unverified. The Court commends Roy's desire to look after his children. But in view of all the § 3553(a) factors, including Roy's history and characteristics and the seriousness of the offense, a sentence reduction is not warranted at this time.

Accordingly, Defendant Wendell Mario Roy's Renewed Emergency Motion for Compassionate Release (Doc. 37) is **DENIED**.[4] Roy's request for the appointment of counsel is likewise **DENIED** because the matter is not complex, and Roy has shown he can present his arguments in a thoughtful and organized manner. See United States v. Cuya, 855 F. App'x 665, 666 (11th Cir. 2021) (citing United States v. Webb, 565 F.3d 789, 794–95 (11th Cir. 2009)).

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of March, 2022.

MARCIA MORALES HOWARD
United States District Judge

lc 19
Copies:
Counsel of record
Defendant

---

[4] To the extent Roy requests that the Court order a transfer to home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Groover, 844 F. App'x 185, 188 (11th Cir. 2021); Touizer v. U.S. Att'y Gen., No. 21-10761, 2021 WL 3829618, at *2–3 (11th Cir. Aug. 27, 2021).