UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

WENDELL MARIO ROY

Case No. 3:20-cr-103-MMH-JBT

### ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

Defendant, Wendell Mario Roy, proceeding pro se, filed this Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 43; Motion) on June 17, 2024. The United States opposes the Motion. See United States' Response in Opposition to Wendell Mario Roy's Motion for Compassionate Release (Doc. 44; Response). Upon consideration of the record, the applicable legal authority, the factors set forth in 18 U.S.C. § 3553(a), and the relevant policy statements issued by the Sentencing Commission,

    IT IS ORDERED that the Motion is:

☒ DENIED after complete review of the Motion on the merits.

    ☒FACTORS CONSIDERED

Defendant Wendell Mario Roy is a 43-year-old inmate incarcerated at McKean FCI in Lewis Run, Pennsylvania. At the time Roy filed the Motion, he was a serving a 120-month term of imprisonment for conspiracy to distribute 400 grams or more of fentanyl and conspiracy to commit money laundering. See Judgment in a Criminal Case (Doc. 28; Judgment). According to the Bureau of Prisons (BOP), Roy is projected to be released on March 12, 2027. See Bureau of Prisons Inmate Locator at https://www.bop/gov/inmateloc/ (last accessed on January 8, 2025). Roy seeks compassionate release pursuant to 18 U.S.C § 3582(c)(1)(A), citing the need for him to serve as a primary caregiver for his minor children. Motion at 2-3.

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). As amended by the First Step Act, § 3582(c)(1)(A) provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of

> the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1247, 1249 (11th Cir.), superseded in part on other grounds by U.S.S.G. § 1B1.13 (2023). A movant for compassionate release must establish that a reduction in sentence is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)).[1] And, "[b]ecause the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a

---

[1] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

3

discretionary one." <u>United States v. Harris</u>, 989 F.3d 908, 911 (11th Cir. 2021).

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and ... (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." <u>United States v. Tinker</u>, 14 F.4th 1234, 1237 (11th Cir. 2021). However, "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order." <u>Id.</u> "Because all three conditions – i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement – are necessary, the absence of even one would foreclose a sentence reduction." <u>Id.</u> at 1238.

Under U.S.S.G § 1B1.13, extraordinary and compelling reasons that may render a defendant eligible for a sentence reduction include: (1) medical circumstances of the defendant; (2) advanced age plus length of the term already served; (3) family circumstances that result in the defendant being the only available caregiver for a minor or incapacitated immediate family member; (4) sexual or physical abuse of the defendant by an individual with custody or control of the defendant

during the term of imprisonment sought to be reduced; (5) other circumstances similar in gravity to those in (1) through (4); and (6) an "unusually long sentence," if the defendant has served at least 10 years of imprisonment and a change in the law would produce a gross disparity between the defendant's sentence likely to be imposed at the time the motion is filed. See U.S.S.G § 1.B1.13(b)(1)-(6). However, even if the court finds that an extraordinary and compelling reason exists, it still may not reduce the defendant's term of imprisonment under § 3582(c)(1)(A) unless it also finds that the defendant's release would not endanger the community and that the factors listed in 18 U.S.C. § 3553(a) favor compassionate release. Tinker, 14 F.4th at 1237.

With respect to family circumstances, § 1B1.13(b)(3)(A) permits a reduction in sentence for the death or incapacitation of the caregiver of a defendant's minor child. Roy states that two of his children, J.R. (age 15) and M.R. (age 9), are without a caregiver because their mother passed away on January 14, 2022. Motion at 1. Roy states that the minor children are now in the care of his sister. Id. Roy further explains that his sister is a single parent with four children of her own and that the addition of Roy's children has created a severe financial burden such that eviction from her apartment is imminent. Id. Further, Roy asserts that although his minor children are entitled to

5

certain Social Security benefits, they have been unable to obtain them. Id. In the Response, the United States represents that according to its investigation Roy's minor children appear to have been under the care of a friend of Roy's since May 10, 2024, and "are thriving in their current placement." Response at 7.

Here, Roy has not established sufficient facts to justify a reduction in sentence based upon his family circumstances. While Roy asserts that the financial burden placed on his sister in caring for his children is "extraordinary and compelling," he does not suggest that his sister is incapacitated. Notably, in a letter attached to the Motion, Roy acknowledges that his minor children are "in the process of being transferred to a different caregiver[.]" See Letter at 1 (Doc. 43-1). While the Court appreciates Roy's concerns regarding the financial strain placed on his sister, this alone does not meet the standard for extraordinary circumstances warranting a reduction in sentence. Moreover, it appears that Roy's concern regarding the strain on his sister likely has been alleviated by the placement of his children, at Roy's request, with his friend.

To the extent Roy attempts to rely upon § 1B1.13(b)(3)(D), which provides that a reduction may be warranted if a defendant establishes circumstances "similar to those listed in paragraphs (3)(A) through

6

(3)(C) . . . when the defendant would be the only available caregiver for such family member or individual," the Court finds that Roy has not met the burden necessary to warrant relief under this subsection. As noted, Roy's minor children appear to be under the care of Roy's friend. Accordingly, Roy cannot establish that he is the only available caregiver for his minor children.

Additionally, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in Roy's sentence at this time. Roy was convicted of conspiracy to distribute 400 grams or more of a mixture and substance containing fentanyl – a lethal and addictive substance – in addition to conspiracy to commit money laundering. As set forth in greater detail in the Presentence Investigation Report (Doc. 22; PSR), from 2017 to 2019, Roy distributed fentanyl and heroin from several "trap houses" in Jacksonville, Florida, and he used seemingly legitimate business bank accounts to launder the proceeds. PSR ¶¶ 1–28. He received a guidelines enhancement because he was the organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. Id. ¶ 39. Before the instant offenses, Roy had accumulated numerous prior convictions, including two convictions for attempted carrying of a concealed weapon, id. ¶¶ 47, 51, a conviction for assault and battery on a woman, id. ¶ 52, and three

convictions for the delivery or manufacture or attempted delivery or manufacture of less than 50 grams of cocaine or heroin, id. ¶¶ 56–58. Although Roy provided substantial assistance in this case, he was duly rewarded for his cooperation. His advisory sentencing guidelines range called for a term of 262 to 327 months in prison, id. ¶ 117, but the Court imposed a term of 120 months in prison, partly in recognition of his cooperation efforts, see generally Judgment; Statement of Reasons (Doc. 29). However, Roy has not served even half of his 120-month term of imprisonment and less than a quarter of his originally calculated advisory guideline range. Roy's sentence reflects the serious nature of his offenses and functions to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes. See 18 U.S.C. § 3553(a)(2)(A)-(C). Granting Roy compassionate release at this time would not be consistent with the statutory purposes of sentencing or the Sentencing Commission's policy statements.

Accordingly, Defendant Wendell Roy's Motion for Compassionate Release (Doc. 43) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 10th day of January 2025.

MARCIA MORALES HOWARD
United States District Judge

lc34

Copies:
Counsel of record
Defendant